## CATHERINE SHEA *vs.* SAMUEL LAWRENCE.

A new trial will not be granted on account of a casual remark in reference to the case made before the trial by one of the parties to a third person in the presence of one or more of the jurors who were standing in a promiscuous crowd, without any knowledge that they were jurors, and without any intention of affecting their minds, if there is no evidence tending to prove that the mind of any one of them was affected thereby.

*Semble*, that the decision of the superior court upon a motion for a new trial upon such a ground is final.

TORT against a dentist, for carelessly cutting the plaintiff's tongue while extracting her tooth. At the trial in the superior court there was conflicting evidence as to the extent and nature of the wound, and the jury found a verdict for the plaintiff with one dollar damages. The plaintiff moved to set aside the verdict on the ground that the defendant had conversed about the case in the presence of one or more of the jurors before the trial; and, upon the hearing of the motion, one of the jurors who tried the case testified that while he and several of his fellows were standing in the door of the court-house, and talking of a case in

which they had just disagreed, some one asked if they knew what the next case was, and the defendant, whom the juror did not then know, said it was his; some one then expressed the hope that it would not come before the second jury, because they had disagreed in everything, and the defendant replied that he thought it would not be a very hard case to decide, as the plaintiff had sued him for five hundred dollars, and had offered to take five dollars. The witness did not know to whom the defendant addressed his remark.

The defendant testified that he did not know that any of the persons standing near the door were jurors, and he gave an account of the conversation not materially different from that of the juror.

Upon this evidence *Vose* J., ruled as follows: " Being of opinion that whatever was said by the defendant in the presence of one or more of the jurors was said by him without any knowledge on his part that they were jurors, and that they were strangers to him, standing near him in a promiscuous crowd, and that it was not particularly addressed to the jurors, or said for the purpose of influencing their minds in regard to this suit, and there being no evidence that these jurors were influenced by what was said by the defendant, I do not think it is a legal cause for setting aside the verdict, and I therefore overrule the within motion."

To this ruling and opinion the plaintiff alleged exceptions, which the presiding judge certified as follows: " Allowed, so far as I can now legally allow them."

*D. S. Richardson*, for the plaintiff.

*I. S. Morse*, for the defendant, was stopped by the court.

MERRICK, J. Upon the evidence submitted to the court in support of the motion of the plaintiff to set aside the verdict and grant a new trial, we think the conclusions of the presiding judge were correct. The utmost precaution should certainly at all times be observed to prevent any attempt to forestall the judgment or to bias the mind of a juror in reference to the merits of any issue or question which, in the discharge of his duties, he may be called upon to decide. All trials by jury

ought to be effectually guarded against the exertion of every species of improper influence; and the law will never allow a party to derive any possible advantage from it. It is therefore an established and salutary rule of law, that the least intermeddling with the jurors is a sufficient cause for setting aside a verdict. Thus, where a person who was a witness for one of the parties applied to one of the jurors, after they were impanelled and before the trial, and made statements to him of a character tending to create a bias or prejudice against the opposite party, it was held that the verdict could not be sustained, although it was not shown that the mind of the juror thus tampered with was in any degree affected by the statements addressed to him. *Knight* v. *Freeport*, 13 Mass. 218. But from the evidence in the present case it distinctly appears that no attempt of this kind was made by the defendant. What he said in the presence of the jurors, with whom he casually met as he was entering the court-house, none of whom were known to him, was not addressed to them, but to some other person who then inquired of him the purpose for which he was there. As soon as he was informed that some of the persons standing in the group near the door were members of the jury, he forbore all further conversation and immediately separated from them. This was no attempt to approach any of them in an improper manner, or for an improper purpose; or to obtain any advantage to himself, or work any harm to his adversary or to create any prejudice against him. And therefore, without some proof having at least a tendency to show that his casual statement did produce some effect upon the mind of one or more of the jurors, there appears to be no reason for supposing that their impartiality was diminished or affected by it; and consequently it affords no just cause for depriving him of the benefit of the verdict, to which it is not suggested that for any other reason he is not rightfully entitled. The motion to set it aside seems therefore to have been properly overruled.

In reference to the general rule of proceedings in relation to questions of this kind, we think it necessary to say that we greatly doubt whether the question arising upon the bill of ex-

ceptions is properly before this court. And it is only upon the ground that it is said by the presiding judge that " he did not think there was any legal cause for setting aside the verdict," that we have entertained the bill of exceptions which has been sent up. The decisions of courts upon motions for a new trial upon the ground of newly discovered evidence, or upon complaints that the verdict is against the weight of evidence, or for other causes addressed to the discretion of the court, are not subject to exception; but such decisions are conclusive and final. In the present case, we cannot perceive that there was any doubt or controversy in relation to the rule of law; but the real question was, whether, upon a full and clear recognition of it, the verdict, upon the evidence submitted to the court, ought to be set aside. That was a question addressed to the discretion of the court. Upon re-examination of the evidence, the decision made upon it appears to us to have been correct and unexceptionable. *Exceptions overruled.*